UNITED STATES DI8TRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL CASE NO. 3:12-CV-275-H

MARTIN GOLDSMITH                                                                              PLAINTIFF

V.

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff's complaint makes three claims for relief against Defendant, Mike O'Connell, the Jefferson County Attorney, pursuant to 42 U.S.C. § 1983. First, Plaintiff says that Defendant's subordinates in the Jefferson County Attorney's Office refused to pursue criminal charges against his ex-wife and others for "multiple series of crimes commented [sic] against him." Next, Plaintiff requests an injunction "requiring the prosecution of the five crimes listed within this complaint, has [sic] Count one, through Count five and for the prosecution of such to state [sic] within ten days of the final Order of this Honorable Court." Plaintiff's third claim for relief is a demand for his costs and attorney's fees. Defendant has moved to dismiss. Upon review, it is clear that these claims have absolutely no basis in law.

Even assuming that Plaintiff could demonstrate his standing to bring this sort of lawsuit, which he cannot; Defendant has absolute immunity from lawsuits alleging actions or failures to act in his official prosecutorial capacity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Here, the prosecutorial action Plaintiff challenges is the decision not to pursue the prosecution of his alleged tormentors, a decision that clearly falls in the "whether and when to prosecute" category of acts the *Imbler* court noted was a protected prosecutorial function. *Id.* at 431, Fn 33.

Since *Imbler,* numerous courts have addressed absolute prosecutorial immunity and have employed *Imbler's* functional analysis. Plaintiff's claims focus on acts that "necessarily require legal knowledge and the exercise of related discretion," that being the interpretation of Kentucky law as to the criminal charges Plaintiff demanded the Jefferson County Attorney's Office pursue. *See Van de Camp v. Goldstein*, 555 U.S. 335, 344 (2009). Because the decision not to pursue prosecution, whether by the chief prosecutor or his subordinates, is a core prosecutorial function "intimately associated with the judicial phase of the criminal process" and recognized by *Imbler, supra,* at 430, and uniformly accepted by *Imbler's* progeny such as *Goldstein*, Defendant and his subordinates are absolutely immune from Plaintiff's suit.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:    Counsel of Record & Pro-Se Plaintiff